UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN Re:<br><br>BRUCE LEE JENNINGS,<br>*et al.*,<br><br>Debtors. | Case No. 03-4926-3F1 and<br>03-4928-3F1 through 03-4937-3F1<br><br>All cases Jointly Administered<br>Under Case No. 03-4926-3F1 |
| APPLICABLE DEBTOR<br>   BRYCO ARMS,<br>   (Case No. 03-04928-3F1) | Adversary No. 3:05-ap-00146-JAF |
| BRYCO ARMS, Debtor in Possession<br><br>   Plaintiff<br><br>vs.<br><br>SEMMES, BOWEN & SEMMES, A<br>Professional Corporation<br><br>   Defendant<br>_____/ | |

## AMENDED ANSWER TO COMPLAINT TO AVOID PREFERENTIAL TRANSFER

COMES NOW Defendant Semmes, Bowen & Semmes, PC ("Defendant") for its Answer to Bryco Arms' ("Plaintiff") Complaint and states as follows:

1. Said Defendant admits the allegations of Paragraphs 1 and 2 of Plaintiff's Complaint.

2. Said Defendant is without knowledge as to the allegations of Paragraphs 3 and 4 of Plaintiff's Complaint and therefore denies said allegations.

3. Said Defendant admits certain checks may have been issued by Plaintiff and denies the remaining allegations of Paragraph 5 of Plaintiff's Complaint.

4. Said Defendant admits payments were made on certain invoices received and denies the remaining allegations of Paragraph 6 of Plaintiff's Complaint.

5. Said Defendant admits certain transfers may have been made within the ninety days preceding the bankruptcy filing. Said Defendant is without knowledge as to the remaining allegations of Paragraphs 7 of Plaintiff's Complaint and therefore denies said allegations.

6. Said Defendant denies the allegations of Paragraphs 8, 9, and 10 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

7. For a transfer to be avoidable under 11 U.S.C. § 547, such transfer must be made while the Debtor was insolvent. To the extent that Plaintiff was not insolvent at the time of the transfers alleged to be avoidable, such transfers do not constitute preferences and therefore can neither be avoided under 11 U.S.C. § 547 nor recovered under 11 U.S.C. § 550.

## SECOND AFFIRMATIVE DEFENSE

8. 11 U.S.C. § 547(c)(2) provides that a transfer is not avoidable to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, made in the ordinary course of business or financial affairs of the debtor and the transferee, and made according to ordinary business terms.

9. Said Defendant was retained by Plaintiff to defend Plaintiff in a total of ten law suits. Said Defendant provided legal services to Plaintiff in regard to these ten cases. In regard to payment for such legal services, said Defendant rendered approximately one-hundred and eleven invoices ("Invoices") to Plaintiff between January 23, 2002 and August 14, 2003. In regard to the Invoices, Plaintiff made twenty-five payments which Plaintiff alleges constitute preferential transfers ("Alleged Preferences").

10. The debts in regard to which the allegedly preferential transfers were made were incurred according to the ordinary course of business between said Defendant and the Plaintiff.

11. Plaintiff made payment in full in regard to approximately seventy-nine of the Invoices, including the Alleged Preferences. The remaining payments were not made as a result of the Plaintiff's bankruptcy filing.

12. The amount of the Alleged Preferences were in keeping with the payments made by Plaintiff to said Defendant prior to the ninety days preceding the bankruptcy filing.

13. The form of tender of the Alleged Preferences was substantially similar to that regarding the payments made by Plaintiff to said Defendant prior to the ninety days preceding the bankruptcy filing.

14. Therefore, such transfers were incurred and made in the ordinary course of business and according to ordinary business terms, and therefore can neither be avoided under 11 U.S.C. § 547 nor recovered under 11 U.S.C. § 550.

### **THIRD AFFIRMATIVE DEFENSE**

15. 11 U.S.C § 547(c)(2) provides that a transfer is not avoidable to the extent that, after such transfer, the creditor-transferee gives new value to or for the benefit of the debtor not secured by an otherwise unavoidable security interest, and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such transferee.

16. During February, 2003, Plaintiff made payments to said Defendant totaling approximately $25,500. Subsequently, said Defendant rendered new value in the nature of

furnishing additional legal services on Plaintiff's behalf valued at approximately $107,600 for which said Defendant has, to date, not received payment.

17. During March, 2003, Plaintiff made payments to said Defendant totaling approximately $26,200. Subsequently, said Defendant rendered new value in the nature of furnishing additional legal services on Plaintiff's behalf valued at approximately $162,800 for which said Defendant has, to date, not received payment.

18. During April, 2003, Plaintiff made payments to said Defendant totaling approximately $35,600. Subsequently, said Defendant rendered new value in the nature of furnishing additional legal services on Plaintiff's behalf valued at approximately $49,500 for which said Defendant has, to date, not received payment.

19. During May, 2003, Plaintiff made payments to said Defendant totaling approximately $20,300. Subsequently, said Defendant rendered new value in the nature of furnishing additional legal services on Plaintiff's behalf valued at approximately $37,100 for which said Defendant has, to date, not received payment.

20. Therefore, because the subsequent valuable legal services provided by said Defendant, for which said Defendant has not received payment, in each case exceeded the amount of the proceeding payments made to said Defendant by Plaintiff, such legal services constitute new value and as such can neither be avoided under 11 U.S.C. § 547 nor recovered under 11 U.S.C. § 550.

## RESERVATION OF CLAIMS AND DEFENSES

Said Defendant reserves the right to assert any other claims or defenses as may be available, or may become available to it during the course of these proceedings.

WHEREFORE, Semmes, Bowen & Semmes, PC respectfully requests that the Court enter an Order denying the relief sought by Plaintiff including dismissal of Plaintiff's Complaint with prejudice, and provide such further relief as the Court deems equitable and just.

**HELD & ISRAEL**

_____
EDWIN W. HELD, JR.
Florida Bar #162574
DAVID L. GAY
Florida Bar #839221
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer to been furnished by U.S. Mail, this ___ day of September, 2005, to: **Robert Altman, Esquire**, Pine Lake Lodge, 5256 Silver Lake Drive, Palatka, Florida 32177, Attorney for Plaintiff.

_____
Attorney